IN THE UNITED STATES DISTRICT COURT
FOR THE  SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case no. 3:11-CV-00116-HDV-TJS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES L. WATTS; JAMES L. WATTS, | ) | ANSWER TO FIRST AMENDED |
| TRUSTEE OF THE WATTS FAMILY | ) | COMPLAINT FOR PERMANENT |
| LORTON RESIDENCE TRUST; JAMES L. | ) | INJUNCTION AND FOR |
| WATTS, TRUSTEE OF THE WATTS FAMILY | ) | OTHER RELIEF, AFFIRMATIVE |
| QUEENS DRIVE RESIDENT TRUST; WATTS | ) | DEFENSES, AND JURY |
| TRUCKING SERVICE, INC.; A-1 DISPOSAL | ) | DEMAND |
| SERVICE, INC.; BLACK HAWK WASTE | ) | |
| DISPOSAL CO., INC.; CEDAR VALLEY | ) | |
| RECYCLING AND TRANSFER CO.; | ) | |
| WASTE SYSTEMS, INC.; HAWKEYE | ) | |
| WASTE SYSTEMS, INC.; L & M WASTE | ) | |
| SYSTEMS, INC.; METRO WASTE | ) | |
| SYSTEMS, LLC; CITY WASTE SYSTEMS, | ) | |
| INC.; TRI-STAR WASTE SYSTEMS, INC.; | ) | |
| SCOTT COUNTY TREASURER; IOWA | ) | |
| DEPARTMENT OF REVENUE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants, James L. Watts, James L. Watts, Trustee of the Watts Family Lorton Residence Trust, James L. Watts, Trustee of the Watts Family Queens Drive Resident Trust, Watts Trucking Service, Inc., A-1 Disposal Service, Inc., Black Hawk Waste Disposal Co., Inc., Cedar Valley Recycling and Transfer Co., County Waste Systems, Inc., Hawkeye Waste Systems, Inc., and L & M Waste Systems, Inc. (Watts Defendants) answer the first amended complaint and state as follows:

1.     Admit.

2.      Admit for all Defendants represented by the undersigned except Tri-Star Waste Systems, Inc.

3.      Admit for all Watts Defendants; however, deny allegation that James L. Watts is a resident of Iowa. Deny for Tri-Star Waste Systems, Inc.

4.      Admit that venue is proper for Counts IV and [V] (Two counts were referred to as Count IV in the first amended complaint. The second of the two should be Count V.) but deny venue based upon subject real property being located within this judicial district with respect to Counts I, II and III.

5.      Deny.

6.      Admit Watts is the is the President and 100% shareholder of Watts Trucking Service, Inc. and that WattsTrucking Service, Inc. was incorporated in Iowa, with a registered agent in Davenport, Iowa, within this judicial district.  Deny Watts Trucking Service, Inc. is the parent company for all but two of the Employer Defendants named in this Complaint because Employer Defendants are not identified.

7.      Admit.

8.      Admit.

9.      Admit.

10.     Admit.

11.     Admit.

12.     Admit.

13.     Deny that Metro Waste Systems, LLC should be subject to the amended complaint because it is located in Missouri and conducts all of its business in Missouri with

no business being conducted in Iowa.  As to the remaining allegations of paragraph 13, Defendants represented by the undersigned state as follows:

      a.      Admit.

      b.      Deny for lack of knowledge.

      c.      Deny.

      d.      Deny for lack of knowledge.

      e.      Deny that Watts Trucking Systems, Inc. handles the payroll for Metro Waste, LLC.  Admit that Watts Trucking Systems, Inc., in Illinois, calculates the amount to be withheld and prepares Forms 941 and 940 for Metro Waste, LLC.

      f.      Deny because said Defendants have no knowledge of any pyramiding of employment taxes by Metro Waste Systems, LLC.

14.      Admit first and third sentences of paragraph 14, but deny the second and fourth sentences of paragraph 14.

15.      Deny that Tri-Star Waste Systems, Inc. is subject to the jurisdiction of this Court, since it is a Tennessee corporation and all of its activities are conducted in the state of Tennessee.

16.      Deny.

17.      Deny.

18.      Deny without knowledge.

19.      Deny without knowledge.

**COUNT I**

20.      Admit.

21.      Admit.

22.     Deny.

23.     Deny.

24.     Deny.

25.     Deny.

26.     Deny.

27.     Deny.

28.     Deny.

29.     Deny.

30.     Deny.

31.     Deny.

32.     Deny without knowledge.

33.     Deny.

34.     Deny without knowledge.

35.     Deny.

36.     Deny.

37.     Deny.

38.     Deny.

39.     Deny.

40.     Deny.

41.     Deny.

42.     Deny.

43.     Deny.

44.     Deny.

45.     Deny.

46.     Deny.

47.     Deny.

48.     Deny.

      a.     Deny.

      b.     Deny.

      c.     Deny.

      d.     Deny.

      e.     Deny.

49.     Deny.

50.     Deny.

As to Count II, Watts Defendants deny each and every allegation that has not been specifically admitted.

Watts Defendants respectfully request this Court deny the United States' request for a permanent and/or preliminary injunction.

## AFFIRMATIVE DEFENSES TO COUNT I

1.     A substantial amount of employment taxes owed for 2009 through July 2011 were due to the inability of said Defendants to make employment tax payments due to levies by the United States on said Defendants' accounts.

2.     The Watts Defendants requested a payment plan for any employment taxes owed by the Watts Defendants; however, the United States has refused to give the Watts Defendants an installment payment plan.  All of the employment taxes owed by the Watts

Defendants which are subsidiaries of Watts Trucking Service, Inc. will be paid by the Watts Defendants.

3.      Most, if not all, of the employment taxes owed by the Watts Defendants accrued as a result of Hurricane Katrina in 2005 and the flooding on the Cedar and Iowa Rivers during June 2008.  Watts Defendants' service areas include communities destroyed and/or flooded by the Cedar and/or Iowa Rivers during June 2008 and afterwards.  As a result of said floods and devastation, the Watts Defendants were unable to timely pay their employment taxes in full.

4.      For 2011, 2010 and 2009, Watts Defendants which are subsidiaries of Watts Trucking Service, Inc. have paid employment taxes to the United States in excess of their current employment tax liabilities, as follows:

a.      In 2011 - $600,000 over current employment tax liabilities.

b.      For 2010 - $131,266 over current employment tax liabilities.

c.      For 2009 - $710,393 over current employment tax liabilities.

## COUNT II

51.      Watts Defendants incorporate by reference their answers to paragraphs 1 through 50.

52.      Admit.

53.      Admit James Watts was a corporate officer of the companies listed but deny the remaining allegations of paragraph 53.

54.      Deny.

55.      Deny.

56.      Deny.

57.     Deny.

As to Count II, Watts Defendants deny each and every allegation that has not been specifically admitted.

Watts Defendants respectfully request this Court deny any relief under Count II and dismiss Count II.

## AFFIRMATIVE DEFENSES TO COUNT II

1.      Any assessments, if in fact made, were improper and ineffective because the IRS failed to provide adequate notice required by the Internal Revenue Code to said Defendants.

2.      The United States is barred from assessing and collecting any taxes since the statute of limitations on assessment and/or collection expired prior to any assessment and/or collection activity and/or the filing of the Amended Complaint. I.R.C. §§ 6501(a) and 6502.

3.      The United States is barred from assessing any trust fund recovery penalty against James L. Watts since the United States failed to give James L. Watts notice as required by I.R.C. § 6672(b).

4.      The Watts Defendants requested a payment plan for any employment taxes owed by the Watts Defendants; however, the United States has refused to give the Watts Defendants an installment payment plan.  All of the employment taxes owed by the Watts Defendants which were subsidiaries of Watts Trucking Service, Inc. will be paid by the Watts Defendants.

5.      Most, if not all, of the employment taxes owed by the Watts Defendants accrued as a result of Hurricane Katrina in 2005 and the flooding on the Cedar and Iowa

Rivers during June 2008.  Watts Defendants' service areas include communities destroyed and/or flooded by the Cedar and/or Iowa Rivers during June 2008 and afterwards.  As a result of said floods and devastation, the Watts Defendants were unable to timely pay their employment taxes in full.

6.      A substantial amount of employment taxes owed for 2009 through July 2011 is due to the inability of the Watts Defendants to make employment tax payments due to levies by the United States on said Defendants' accounts.

7.      James L. Watts was not a responsible person for said Defendants' trust fund taxes because he did not wilfully fail to have said Defendants pay, collect and/or account for employment taxes.

8.      For 2011, 2010 and 2009, Watts Defendants which are subsidiaries of Watts Trucking Service, Inc. have paid employment taxes to the United States in excess of their current employment tax liabilities, as follows:

      a.      In 2011 - $600,000 over current employment tax liabilities.

      b.      For 2010 - $131,266 over current employment tax liabilities.

      c.      For 2009 - $710,393 over current employment tax liabilities.

**COUNT III**

58.      The Watts Defendants incorporate by reference their answers to paragraphs 1 through 57 as stated above.

59.      Deny.

60.      Deny.

61.      Deny.

8

As to Count III, The Watts Defendants deny each and every allegation that has not been specifically admitted.

James L. Watts respectfully requests that this Court dismiss the Amended Complaint against him for any unpaid federal income tax liability.

Watts Defendants respectfully request this Court deny any relief under Count III and dismiss Count III.

## AFFIRMATIVE DEFENSES TO COUNT III

1.  Any assessments, if in fact made, were improper and ineffective because the IRS failed to provide adequate notice required by the Internal Revenue Code to said Defendants.

2.  The United States is barred from assessing and collecting any taxes since the statute of limitations on assessment and/or collection expired prior to any assessment and/or collection activity and/or the filing of the Amended Complaint. I.R.C. §§ 6501(a).

## COUNT IV

62.  Said Defendants incorporate by reference their answers to paragraphs 1 through 61 as stated above.

63.  Deny.

64.  Deny without knowledge.

65.  Deny without knowledge.

66.  Deny.

67.  Deny.

68.  Admit the first sentence of paragraph 68. Deny the remainder of paragraph 68.

9

69.    Deny.

70.    Deny.

71.    Deny.

72.    Deny.

73.    Deny.

74.    Deny that James L. Watts exercises control and dominion over the Lorton property in an individual capacity.

75.    Deny.

76.    Deny.

77.    Deny.

78.    Deny.

79.    Deny.

As to Count IV above, James L. Watts, individually and as trustee of the Watts Family Lorton Trust denies each and every allegation that has not been specifically admitted.

Watts Defendants respectfully request this Court deny any relief under Count IV and dismiss Count IV.

## AFFIRMATIVE DEFENSES TO COUNT IV

1.    Any assessments, if in fact made, were improper and ineffective because the IRS failed to provide adequate notice required by the Internal Revenue Code to the Watts Defendants.

2.    The United States is barred from assessing and collecting any taxes since the statute of limitations on assessment and/or collection expired prior to any assessment

and/or collection activity and/or the filing of the Amended Complaint. I.R.C. §§ 6501(a) and 6502.

3.       The Watts Defendants requested a payment plan for any employment taxes owed by said Defendants; however, the United States has refused to give the Watts Defendants an installment payment plan.  All of the employment taxes owed by the Watts Defendants which were subsidiaries of Watts Trucking Service, Inc. will be paid.

4.       Most, if not all, of the employment taxes owed by the Watts Defendants accrued as a result of Hurricane Katrina in 2005 and the flooding on the Cedar and Iowa Rivers during June 2008.  Watts Defendants' service areas include communities destroyed and/or flooded by the Cedar and/or Iowa Rivers during June 2008 and afterwards.  As a result of said floods and devastation, the Watts Defendants were unable to timely pay their employment taxes in full.

5.       A substantial amount of employment taxes owed for 2009 through July 2011 is due to the inability of the Watts Defendants to make employment tax payments due to levies by the United States on said Defendants' accounts.

6.       Any conveyance to James L. Watts, as Trustee for the Watts Family Lorton Trust, was not a fraudulent conveyance.

7.       Any conveyance to James L. Watts, as Trustee for the Watts Family Lorton Trust, was for adequate consideration.

8.       For 2011, 2010 and 2009, Watts Defendants which are subsidiaries of Watts Trucking Service, Inc. have paid employment taxes to the United States in excess of their current employment tax liabilities, as follows:

        a.       In 2011 - $600,000 over current employment tax liabilities.

11

       b.      For 2010 - $131,266 over current employment tax liabilities.

       c.      For 2009 - $710,393 over current employment tax liabilities.

## COUNT IV (sic)

80.    Said Defendants incorporate by reference their answers to paragraphs 1 through 79 as stated above.

81.    Deny.

82.    Admit.

83.    Deny.

84.    Admit.

85.    Admit.

86.    Admit.

87.    Deny.

88.    Deny Watts, in an individual capacity, exercises dominion and control over the property at the Queens Property.

89.    Deny.

90.    Deny.

91.    Deny.

92.    Deny.

As to Count IV (sic) above, James L. Watts, individually and as trustee of the Watts Family Queens Drive Resident Trust, denies each and every allegation that has not been specifically admitted.

Said Defendants respectfully request this Court to dismiss the Amended Complaint and grant said Defendants such other and further relief as the Court deems proper and equitable.

Watts Defendants respectfully request this Court deny any relief under Count IV (sic) and dismiss Count IV (sic).

### AFFIRMATIVE DEFENSES TO COUNT IV (sic)

1.       Any assessments, if in fact made, were improper and ineffective because the IRS failed to provide adequate notice required by the Internal Revenue Code to the Watts Defendants.

2.       The United States is barred from assessing and collecting any taxes since the statute of limitations on assessment and/or collection expired prior to any assessment and/or collection activity and/or the filing of the Amended Complaint. I.R.C. §§ 6501(a) and 6502.

3.       The Watts Defendants requested a payment plan for any employment taxes owed by said Defendants; however, the United States has refused to give the Watts Defendants an installment payment plan.  All of the employment taxes owed by the Watts Defendants which were subsidiaries of Watts Trucking Service, Inc. will be paid.

4.       Most, if not all, of the employment taxes owed by the Watts Defendants accrued as a result of Hurricane Katrina in 2005 and the flooding on the Cedar and Iowa Rivers during June 2008.  Watts Defendants' service areas include communities destroyed and/or flooded by the Cedar and/or Iowa Rivers during June 2008 and afterwards.  As a result of said floods and devastation, the Watts Defendants were unable to timely pay their employment taxes in full.

5.     A substantial amount of employment taxes owed for 2009 through July 2011 is due to the inability of the Watts Defendants to make employment tax payments due to levies by the United States on said Defendants' accounts.

6.     Any conveyance to James L. Watts, as Trustee for the Watts Family Lorton Trust, was not a fraudulent conveyance.

7.     Any conveyance to James L. Watts, as Trustee for the Watts Family Lorton Trust, was for adequate consideration.

8.     For 2011, 2010 and 2009, Watts Defendants which are subsidiaries of Watts Trucking Service, Inc. have paid employment taxes to the United States in excess of their current employment tax liabilities, as follows:

      a.     In 2011 - $600,000 over current employment tax liabilities.

      b.     For 2010 - $131,266 over current employment tax liabilities.

      c.     For 2009 - $710,393 over current employment tax liabilities.

## JURY DEMAND

Defendants, James L. Watts, James L. Watts, Trustee of the Watts Family Lorton Residence Trust, James L. Watts, Trustee of the Watts Family Queens Drive Resident Trust, Watts Trucking Service, Inc., A-1 Disposal Service, Inc., Black Hawk Waste Disposal Co., Inc., Cedar Valley Recycling and Transfer Co., County Waste Systems, Inc., Hawkeye Waste Systems, Inc., and L & M Waste Systems, Inc. demand a jury trial on all issues triable by jury.

Dated this 12th day of October, 2011

                                            Respectfully submitted,

                                            /s/ Jerrold Wanek
                                            JERROLD WANEK, ESQ.
                                            IS #9998937
                                            Garten & Wanek
                                            835 Insurance Exchange Building
                                            Des Moines, IA 50309
                                            Telephone:  515/243-1249
                                            Facsimile:  515/244-4471

                                            /s/James R. Monroe
                                            JAMES R. MONROE, ESQ.
                                            PK #0003760
                                            2115 Forest Avenue
                                            P.O. Box 41355
                                            Des Moines, IA 50311
                                            Telephone:  515/244-0652
                                            Facsimile:  515/244-3579

                                            ATTORNEYS   FOR   DEFENDANTS, JAMES L. WATTS, JAMES L. WATTS, TRUSTEE OF THE WATTS FAMILY LORTON RESIDENCE TRUST, JAMES L. WATTS, TRUSTEE OF THE WATTS FAMILY QUEENS DRIVE RESIDENT TRUST, WATTS TRUCKING SERVICE, INC., A-1 DISPOSAL SERVICE, INC., BLACK HAWK WASTE DISPOSAL CO., INC., CEDAR VALLEY RECYCLING AND TRANSFER CO., COUNTY WASTE SYSTEMS, INC., HAWKEYE WASTE SYSTEMS, INC., and L & M WASTE SYSTEMS, INC.

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that on October 12, 2011, my office did electronically file the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Iowa by using the CM/ECF system. I certify that service will be accomplished by the CM/ECF system for all participants in the case who are registered CM/ECF users.  It is further certified that on the 12th day of October, 2011, my office did serve the foregoing by USPS mail to the following:

Mr. Bill Fennelly
Scott County Treasurer
Scott County Administrative Center
600 W. 4th Street
Davenport, IA 52801

Ms. Marcia Mason
Assistant Attorney General
Iowa Department of Revenue
Hoover State Office Building, 2nd Floor
Des Moines, IA 50319

City Waste Systems, Inc.
Jeffrey Watts, Registered Agent
796 Fort Crook Road South
Bellevue, NE 68005

Metro Waste Systems, LLC
Dan Wilke, Esquire
2708 Olive Street
Saint Louis, MO 63103

/s/ James R. Monroe
JAMES R. MONROE
.