IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES L. WATTS; JAMES L. WATTS, TRUSTEE OF THE WATTS FAMILY LORTON RESIDENCE TRUST; JAMES L. WATTS, TRUSTEE OF THE WATTS FAMILY QUEENS DRIVE RESIDENT TRUST; WATTS TRUCKING SERVICE, INC.; A-1 DISPOSAL SERVICE, INC.; BLACK HAWK WASTE DISPOSAL CO., INC.; CEDAR VALLEY RECYCLING AND TRANSFER CO.; COUNTY WASTE SYSTEMS, INC.; HAWKEYE WASTE SYSTEMS, INC.; L & M WASTE SYSTEMS, INC.; CITY WASTE SYSTEMS, INC.; TRI-STAR WASTE SYSTEMS, INC.; SCOTT COUNTY TREASURER; and IOWA DEPARTMENT OF REVENUE,<br><br>    Defendants. | No. 3:11-cv-00116 – JEG-TJS<br><br>O R D E R |

    Now before the Court is a Motion for Preliminary Injunction brought by Plaintiff United States of America (Plaintiff) against Defendants James L. Watts, Watts Trucking Service, Inc., A-1 Disposal Service, Inc., Black Hawk Waste Disposal Co., Inc., Cedar Valley Recycling and Transfer Co., County Waste Systems, Inc., Hawkeye Waste Systems, Inc., L & M Waste Systems, Inc., City Waste Systems, Inc., and Tri-Star Waste Systems, Inc. (Defendants).[1] Plaintiff requests, pursuant to Federal Rule of Civil Procedure 65(a) and 26 U.S.C. § 7402(a), that Defendants be required to comply with federal tax laws during the pendency of this litigation. Defendants responded to the Motion on October 28, 2011. A hearing on the Motion,

---

[1] Also named as defendants in Plaintiff's Motion were City Waste Systems, Inc., and Metro Waste Systems, LLC. City Waste Systems, Inc., failed to respond to Plaintiff's complaint, resulting in an entry of Default on October 25, 2011 (ECF No. 15). This Court transferred all claims against Metro Waste Systems, LLC, to the United States District Court for the Eastern District of Missouri on January 19, 2012.

attended by James Watts and counsel for both parties,[2] was held on January 19, 2012, making the matter fully submitted and ready for disposition.

Plaintiff, supported by a declaration from Internal Revenue Service (IRS) Officer Rebecca Denning, alleges that Defendants have repeatedly failed to pay the IRS withheld income taxes and their employers' share of Form 941 employment taxes. Plaintiff further asserts that James Watts, president of Watts Trucking Services, Inc., has formed at least twenty-three different entities, most of which owe delinquent payroll tax liabilities. According to Plaintiff, Defendants, along with other inactive entities associated with Defendants but not named in this action, collectively owe the United States Department of the Treasury over $30 million in unpaid federal employment and unemployment taxes.

Generally, a district court must consider four factors when determining whether to issue a preliminary injunction: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest." Roudachevski v. All-American Care Ctrs, Inc., 648 F.3d 701, 705 (8th Cir. 2011). While Plaintiff has satisfied these elements as a result of the Defendants' response, doing so is not necessary because an injunction issued pursuant to § 7402, which authorizes a district court to issue an injunction "as may be necessary or appropriate for the enforcement of internal revenue laws," derives from the court's statutory authority, not its equitable powers. See United States v. White, 769 F.2d 511, 515 (8th Cir. 1985) ("When an injunction is explicitly authorized by statute, proper discretion usually requires its issuance if the prerequisites for the remedy have been demonstrated and the injunction would fulfill the legislative purpose." (internal quotation marks and citation omitted)).

---

[2] Counsel for Metro Waste Systems, LLC, was excused from attending the hearing on the expectation that the action against that entity would be transferred to the United States District Court for the Eastern District of Missouri in the absence of some change in circumstances at the hearing.

Upon review of the record, and in light of Defendants' limited opposition to the Motion and agreement that an injunction in some form is the appropriate remedy, the Court finds that Plaintiff has sufficiently shown, for the purpose of this Motion, that Defendants have violated various sections of the Internal Revenue Code, and that a preliminary injunction is necessary to prevent further similar violations.

Accordingly, Plaintiff's Motion for Preliminary Injunction against Defendants (ECF No. 4) is **granted**, and, pursuant to 26 U.S.C. § 7402 and Rule 65, Defendants and their representative, servants, employees and anyone acting in active concert or participation with them shall:

(1) Deposit withheld Federal Insurance Contributions Act (FICA) and income taxes, as well as the employer's share of FICA taxes of the Corporation, in an appropriate federal depository bank in accordance with federal deposit regulations;

(2) Deposit Federal Unemployment Tax Act (FUTA) taxes in an appropriate federal depository bank in accordance with federal depository regulations;

(3) Ensure that one individual at each of the corporate Defendants responsible for carrying out the duties established in paragraphs 1 and 2 sign and deliver to an IRS officer designated by the Department of Justice on the first day of each month an affidavit stating that the requisite withheld income, FICA, and FUTA tax deposits were timely made;

(4) Timely file all federal employment and unemployment returns (including Forms 940 and 941) with the IRS;

(5) Timely pay all required outstanding liabilities due with each tax return, at the time the return is filed, regarding employment taxes on returns due after the date of this preliminary injunction;

(6) Be prohibited from assigning any property or making any disbursements after the date of this preliminary injunction if amounts withheld from wages after the date of this preliminary injunction have not been timely paid to the United States;

(7) Be prohibited from transferring any money or property to any other entity in order to have the net salaries or net wages of the Defendants' employees paid by the entity unless funds are also provided to the entity to pay employment taxes associated with the payment of net wages or salaries;

(8) Be prohibited from closing a waste handling entity and reopening the entity under a new name without the written consent of the United States;

(9) Be prohibited from engaging in any fraudulent or deceptive conduct that substantially interferes with the proper administration of the Internal Revenue Laws in any way, including, but not limited to, the following:

   (1) making false statements to customers about the legitimacy or status of a levy issued by the IRS; and

   (2) neglecting to issue bills for services rendered in order to avoid subjection funds to an IRS levy; and

(10) Deliver a copy of this Order to all managers of Defendants and all payroll department employees of Defendants, and certify to the Court in twenty (20) days that they have done so by providing a list to the Court of the names of the people who have been notified.

Notwithstanding anything in this injunction to the contrary, this injunction only applies to employment taxes on returns due after the date of this injunction. This injunction will remain in effect until a permanent injunction is ordered or until other order of the Court.

**IT IS SO ORDERED**.

Dated this 20th day of January, 2012.

_____
JAMES E. GRITZNER, Chief Judge
U.S. DISTRICT COURT